IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL J MCCORMICK FARM, INC., | § § § | |
| Plaintiff | § § § | |
| VS. | § | CASE NO. 4:12-CV-00545-RAS-DDB |
| ROBIN SWINDERMAN, | § § § | |
| Defendant | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 8). Having reviewed the motion, the response, the applicable authorities, and the record in this case, the Court finds that the motion to dismiss should be DENIED.

#### BACKGROUND

In this suit, Plaintiff Michael J. McCormick Farms, Inc. has sued horse owner, Defendant Robin Swinderman. According to Plaintiff's Original Complaint, Defendant breached her contract with Plaintiff by abruptly recalling a horse that Defendant had placed in Plaintiff's possession in Texas for training and presentation for sale. Plaintiff's suit is based in diversity and seeks damages for breach of contract, unjust enrichment, and tortious interference. *See* Dkt. 1.

In her motion to dismiss, Defendant Swinderman, a Florida resident, argues that this Court does not have personal jurisdiction over her. Plaintiff has filed a response in opposition.

1

STANDARD

In determining whether it may exercise personal jurisdiction over a nonresident defendant, a court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). If a state's long-arm statute "extends to the limits of federal due process," as Texas's does, the court must only perform a due process analysis. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if: (1) the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state" and (2) "the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Wilson*, 20 F.3d at 647).

Minimum contacts may be established through either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists if the defendant has had substantial, continuous, and systematic contacts with the forum state, regardless of whether those contacts are related to the cause of action. *Johnston*, 523 F.3d at 609 (citing *Helicopters Nacionales de Colombia,* 466 U.S. 408, 414-19 (1984)). Specific jurisdiction exists when a nonresident defendant has purposefully directed his activities at the forum state and the plaintiff's alleged injuries derive from those activities. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) ("Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out

of or relate to those activities.") (internal citations omitted); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)). Furthermore, the court has specific jurisdiction when a "defendant who has placed goods in the stream of commerce benefits economically from the retail sale of the final product in the forum State, and indirectly benefits from the State's laws that regulate and facilitate commercial activity." *Asahi Metal Industry Co. Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 117 (1987).

The plaintiff bears the burden of proving that the defendant has had minimum contacts with the forum state; however, the plaintiff need only make a *prima facie* showing of such contact. *Johnston*, 523 F.3d at 609 (citing *Wilson,* 20 F.3d at 648). The court must resolve any disputed facts in favor of the plaintiff and a finding of jurisdiction. *Id*. (citing *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion,* 895 F.2d at 217 (internal citations omitted). "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal citations omitted).

If the plaintiff successfully makes a *prima facie* showing of minimum contacts, the burden shifts to the defendant to show "that traditional notions of fair play and substantial justice would be

3

violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)); *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 382 (5th Cir. 2002)). Under the fairness inquiry, the court examines: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N'Care*, 438 F.3d at 473 (citing *Felch v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996)).

## ANALYSIS

In her motion, Defendant argues that she is not subject to personal jurisdiction in this Court because: (1) she does not have sufficient minimum contacts with the Texas to confer jurisdiction, and (2) it would not be fair and reasonable to require her to litigate in Texas. Specifically, Defendant claims that: she is a Florida resident; her only business contact with Texas has been this disputed transaction, which she did not initiate; the agreement was reached in Florida; she has no place of business in Texas; the relevant facts of this case occurred only in Florida and Michigan, not Texas; it would be overly burdensome to call Defendant to litigate in Texas; litigation in Texas serves no Texas interest; this litigation would be inefficient in light of similar relief available in Florida; and this litigation does not serve the specific interests of Texas above those of the state of Florida. *See* Dkt. 8 at 5.

In his complaint, Plaintiff has alleged the following contacts by Defendant in Texas:

- "Swinderman caused INXS to be shipped from Florida to MJMF's training facility in Flower Mound, Texas." Dkt. 1 at ¶7

- "Swinderman contacted MJMF in Texas and demanded that the horse be returned to Florida, complaining that Gentry was taking too long in making her decision." Dkt 1 at ¶14.

Plaintiff further alleges in support of its jurisdictional allegations that Defendant transferred her horse from the state of Florida to Texas; that Defendant intended her horse to be marketed, sold, and trained in Texas; and that Plaintiff has suffered damages related to his boarding, veterinary care, farrier care, and training of Defendant's horse in the state of Texas. *See* Dkt. 10, 4-5.

Having considered these allegations, the Court finds that there are insufficient allegations to make a *prima facie* case of general jurisdiction over Defendant. Plaintiff's allegations do not amount to the "substantial, continuous, and systematic contacts" required to grant the Court general jurisdiction. *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Helicopters Nacionales de Colombia,* 466 U.S. 408, 414-19 (1984)).

Next, the Court looks to whether Plaintiff has established a *prima facie* case of specific jurisdiction over Defendant. While it is uncontested that Defendant generally does not conduct business in Texas and did not initiate contact with Plaintiff, this controversy arises out of Defendant's sale of a horse to a Texas buyer. In *Gulf Consolidated*, the Fifth Circuit held that a pipe manufacturer had sufficient minimum contacts to give the Texas district court personal jurisdiction over a pipe manufacturer because it "delivered the product into the 'stream of commerce' with the expectation that it should be purchased by or used by consumers in the forum state." *Gulf Consol.*

5

*Servs., Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir. 1990). In that case, the pipe manufacturer claimed to not have minimum contacts because it only conducted business inside Greece: the pipe manufacturer was a Greek corporation with its offices and factory located in Greece; it was not registered to do business in Texas; it had no agents or assets in the United States; the transaction was negotiated by telegram; the actual sale took place in Greece; payments were made through a Greek bank; and full performance was complete when the product was delivered to a ship in Greece. *Id.* Even though the plaintiff in that case was an employee of the distributor and did not encounter the pipe manufacturer's product in the stream of commerce, the court held that the pipe manufacturer, by selling the product to a known importer and seller of pipe in Texas, "should reasonably anticipate being haled into court there." *Id.* (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 295 (1980)).

In this case, Plaintiff alleges that Defendant sent her horse to Texas to be presented for sale and sold by a horse seller located in Texas. *See* Dkt. 8, ¶ 4. That "[t]he horse was not even located in Texas at the time of the breach," *see* Dkt. 8, ¶ 9, does not negate the fact that Defendant, according to Plaintiff's allegations here, intentionally delivered the horse "into the 'stream of commerce' with the expectation that it should be purchased by or used by consumers in the forum state." *See Gulf Consolidated*, 898 F.2d at 1073. By delivering the horse to Texas, the Court finds a sufficient showing that Defendant actively attempted to financially benefit from sale in the forum for jurisdictional purposes. *See Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 373 (5th Cir. 2010) ("Deriving revenue from such commercial activity is the quid pro quo

6

for requiring the defendant to suffer a suit in the foreign forum.").

Although Defendant's contacts with Texas in this case truly are minimal at best, the Court finds that these allegations, which are not specifically controverted by Defendant, are sufficient to establish a *prima facie* case of Defendant's minimum contacts with Texas for purposes of specific jurisdiction. No affidavits, discovery materials or documentary evidence having been submitted by either party to show Defendant's contacts (or lack thereof) with the forum, the Court must resolve all conflicts and doubts in Plaintiff's favor and take all allegations as true. *See Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). As such, the Court finds a *prima facie* showing of minimum contacts here.

Having found sufficient minimum contacts with Texas, the Court turns to whether exercising jurisdiction in this case would offend notions of fair play and substantial justice. The pleadings here do not show how the exercise of jurisdiction over Defendant does not comport with notions of fair play and substantial justice. *See Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)). Additionally, Defendant has failed to cite any governing authority that would indicate that the existence of a related state suit in Florida precludes this Court from exercising personal jurisdiction. Plaintiff has alleged that Defendant sent her horse to be presented and sold in Texas markets and Defendant used Texas residents to facilitate her sale. Without contravention of those allegations through affidavits or otherwise, Defendant has not made a sufficient showing that proceeding in this forum would be unjust and the Court cannot find that Defendant should not have reasonably foreseen being haled into court in Texas.

7

### RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 8) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 5th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE